UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
MAY 24 2023

| | |
|---|---|
| RONNIE WHITE MOUNTAIN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:22-CV-01017-CBK<br><br>**ORDER** |

 Petitioner was convicted of aggravated sexual abuse of a child and aggravated incest. He was sentenced on January 9, 2020, to concurrent sentences of 360 and 180 months. 1:19-cr-10030-CBK. He filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 which is under review. He has now filed a motion for recusal.

 Pursuant to 28 U.S.C. § 455(a), a United States District Judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Judges are "presumed to be impartial" and the defendant "bears the substantial burden of proving otherwise." United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008).

 Defendant contends that I am biased against him based upon my previous decisions in his criminal case. The bias necessary to require recusal must come from an extra-judicial source – opinions formed by the judge on the basis of facts learned during the course of prior proceedings do not ordinarily constitute a basis for a finding of bias. United States v. Martin, 757 F.3d 776, 778 (8th Cir. 2014). My previous unfavorable ruling in defendant's criminal case "does not raise an inference of bias or require the trial judge's recusal." Harris v. State of Mo., 960 F.2d 738, 740 (8th Cir. 1992). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)

("Almost invariably, they are proper grounds for appeal, not for recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Litekv v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). No deep-seated favoritism or antagonism exists in this case.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, preliminary review of a motion to vacate is to be conducted by the Judge who conducted the trial and imposed sentence, if available. I am in the best situation to address defendant's motion to vacate as I presided over the criminal case. I am very well aware of the issues raised in the motion to vacate. I can and will impartially consider the motion.

Now, therefore,

IT IS ORDERED that the motion, Doc. 8, for recusal is denied.

Dated this 24th day of May, 2022.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge