UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE WHITE MOUNTAIN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:22-CV-01017-CBK<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner was convicted of aggravated sexual abuse of a child and aggravated incest. He was sentenced on January 9, 2020, to concurrent sentences of 360 and 180 months. 1:19-cr-10030-CBK. He appealed his convictions and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. White Mountain, 843 Fed. Appx. 13 (8th Cir. April 5, 2021). Petitioner's petition for rehearing *en banc* was denied July 13, 2021. The Mandate issued July 20, 2021. Petitioner did not file a petition for a writ of *certiorari* to the United States Supreme Court. https://www.supremecourt.gov/docket/docket.aspx, visited February 27, 2023.

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that he received ineffective assistance of counsel. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

I find that the petition is timely. Due to the COVID-19 public health emergency, the United States Supreme Court entered on order on March 19, 2020, extending the time to file a petition for a writ of *certiorari* from 90 days to 150 days after the date of the lower court judgment, an order denying discretionary review, or denying a timely petition for rehearing. Miscellaneous Order, March 19, 2020, https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf. The extension of time was rescinded on July 19,

2021. Miscellaneous Order, July 19, 2021, https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf. Pursuant to the July 19, 2021, order, the deadline to file a petition for a writ of *certiorari* is 90 days if the order denying a timely petition for rehearing was issued on or after July 19, 2021. The order denying rehearing in this case was issued before that date and petitioner therefore had 150 days to file a timely petition for a writ of *certiorari*. His conviction thus did not become final until December 10, 2021. His October 17, 2022, motion to vacate is therefore timely.

Petitioner contends in the motion to vacate that he received ineffective assistance of counsel as it pertains to the admission of Facebook evidence received at trial, failure to investigate potential witnesses or interview government and defense witnesses, failure to timely make pretrial, trial, and post-trial motions, call witnesses concerning the time period the offenses were alleged to have been committed, object to suppressible evidence, or advocate his health condition. He also claims there was an invalid search of private messages between him and his ex-girlfriends. He contends such illegally obtained messages were used to coerce a witness to testify against him. He contends his constitutional rights were violated in connection with the admission of Facebook evidence. He contends that he was denied his right to grand jury transcripts.

Petitioner attached a 109-page supplement to the motion to vacate and later filed a 51-page supplement. Both were hand written, as was the petition. Judges are not like pigs, hunting for truffles buried in documents. Murthy v. Missouri, 603 U.S. 43, 144 S. Ct. 1972, 1991 n. 7, 219 L. Ed. 2d 604 (2024); United States v. Sledge, 108 F.4th 659 n. 3 (8th Cir. 2024). The Court tried to discern what claims petitioner was pursuing in the supplements. Petitioner raises claims regarding the sufficiency and veracity of the evidence presented at trial, contending that the evidence was misrepresented at trial. He challenges the indictment's three-year time frame for the commission of the crimes. He contends that the evidence, including evidence of the forensic interviews of the victim, was fabricated. He contends that the Facebook evidence was misrepresented. He contends that the government charged the victim with a crime and thus coerced her to testify and alter her testimony.

In the supplements he claims counsel was ineffective in failing to move to suppress evidence, failure to request the victim's medical records, and failure to move to admit the victim's medical, school, and social services records into evidence at trial. He contends that counsel failed to address the essential elements of the prosecutor's case, including the time span, intent, and failed to object to the misrepresented evidence. He claims counsel was ineffective in failing to object to the fact that the indictment included a time period. He contends counsel was ineffective in failing to object to the Court's response to the jury's request for trial transcripts of the victim's trial testimony. He contends counsel was ineffective in the opening statement. He contends that counsel was ineffective in failing to establish that defendant was in prison during part of the time frame alleged and could not have committed the offenses. He contends that counsel failed to subject the prosecution's case to adversarial testing. He contends that counsel was ineffective during closing arguments.

I was the Judge overseeing the trial court proceedings in the underlying criminal case against petitioner. Petitioner entered an initial appearance on June 17, 2019. Jury trial was scheduled for August 6, 2019. Counsel requested a continuance on July 17, 2019, noting the extent of the discovery in this case, the need to consult with experts, and the need to review Rule 404(b) and Rule 413 evidence. The motion for a continuance was unopposed by the government. Counsel specifically informed the Court that the defendant was not willing to sign a consent to a continuance. I granted the motion to continue and set trial for September 3, 2019.

Following the order granting continuance, petitioner filed a *pro se* letter complaining that trial counsel was missing deadlines, failed to assert a "mere presence" defense and failed to file motions for a more definite statement and to compel. He contended that he repeatedly asked "for the mercy rule be applied" and for witnesses be contacted. He objected to the legalese in the case management order which he claimed counsel failed to explain to him. He objected that counsel had not addressed "multiplicity" charges and ignored his request for "a speaking motion." He complained that his desire for an "omnibus motion," and an *ex parte* motion concerning evidence

3

were not addressed by counsel. He objected to counsel's dismissal of his request for attorney or research staff to look into "leading cases" concerning his case. He objected to counsel's reluctance to use "falsus in uno doctrine" in his case. He objected to counsel's request for a continuance but noted that there were over 27,000 pages of discovery and seven hours of video, as well as other evidence. Notwithstanding the breadth of the discovery, petitioner complained that counsel's request for a continuance interfered with his right to a speedy trial. I responded to petitioner's letter, warned him about filing a pro se document when he is represented by counsel, told him his case would not be continued further, and urged him to cooperate with his attorney who had a great deal of experience.

The government filed notices of intent to introduce evidence pursuant to Fed. R. Evid. 413, 414, and 404(b), along with notice of intent to offer expert testimony from two witnesses. Defense counsel filed a request for subpoenas for seven witnesses to appear at trial, a motion for a bill of particulars, proposed jury instructions, a motion *in limine* seeking to prohibit Rule 413, 414, and 404(b) evidence, a motion *in limine* to prohibit the government's expert testimony and seeking a *Daubert* hearing. The government filed an amended notice as to Rule 413, 414, and 404(b) evidence, motions *in limine*, and notice of intent to offer evidence pursuant to Fed. R. Evid. 902(1) and (11). Defense counsel filed objections to all the foregoing, including a second motion *in lim*ine as to newly noticed evidence filed by the government.

Defense counsel filed a request for subpoenas *duces tecum* for medical, psychological, and foster care records related to the alleged victim, seeking evidence whether she previously disclosed alleged abuse and, if not, seeking to use such failure to disclose to attack the alleged victim's credibility and bolster defense claims that the victim had a later occurring motive to fabricate claimed abuse. On August 19, 2019, the Court denied the requested subpoenas but ordered such records be submitted to the Court for *in camera* review. The records were ordered to be provided to chambers on or before August 26, 2019. The Court immediately began *in camera* review of the records upon receipt. The day after initial receipt of records, which was five court days before trial, the

4

Court, in a memorandum to counsel, provided counsel with a memorandum outlining the subject matter of each record. The Court stated:

> The refusal by the defendant to agree to any further continuance of the trial date so that counsel have a full opportunity to examine and consider these records may be "shooting himself in the foot." **I do not understand what the strategy of the defendant may be, other than to bolster later claims of inadequate representation by his attorney.**
>
> We are working on another summary of the remaining records and will get it to you as soon as possible.

The Court reviewed *in camera* over 1000 pages of records and prepared 29 pages of summary of the records which were provided to counsel. On the Friday before trial, the Court provided to counsel records which the Court determined must be disclosed to the defense.

Trial commenced on September 3, 2019, and the jury returned a verdict on September 5, 2019. On September 9, 2019, petitioner sent to the Court a letter again complaining about defense counsel's performance. Petitioner falsely claimed that defense counsel missed the deadline to file for motions *in limine* and jury instructions. Petitioner requested substitute counsel for sentencing, which was denied.

Petitioner filed a *pro se* notice of appeal, which appeal was premature. The appeal was dismissed by the Eighth Circuit Court of Appeals.

Following service of the draft presentence investigation report, defense counsel filed an objection as to the offense conduct section, maintaining petitioner's innocence, and an explanation as to the extent of a pending state court matter, along with a motion for a downward variance. Petitioner again filed a *pro se* letter to the Court complaining about defense counsel's representation, purporting to fire counsel, and requesting to represent himself at sentencing.

At the initial sentencing hearing, the Court granted petitioner's motion to represent himself at sentencing. During that hearing, petitioner denied he had ever seen the final presentence report, counsel's objections and motion for variance, a support letter, the addendum, and the recommended conditions of release. The Court provided those

documents to petitioner and continued the hearing. Petitioner, who was detained, filed a request for clarification of the status of representation, along with a copy of all case files, filings, legal materials, and the case discovery. He also requested office supplies be provided to him, including postage and phone cards. This Court denied his requests because, although he has a right to proceed *pro se* at sentencing, "he does so at his own risk and must accept the consequences of his action." Minor v. United States, 375 F.2d 170, 172 (8th Cir. 1967). Following a continued sentencing hearing, petitioner was sentenced to a total sentence of 360 months imprisonment.

While his direct appeal was pending at the Eighth Circuit where he was represented by counsel, petitioner filed in the district court a *pro se* motion for new trial, motion for transcripts, and supplement in support of motion for new trial, setting forth in detail his claims as to what the evidence showed. He filed several additional letters re-stating his claims as to the veracity of the evidence and trying to litigate in the district court his appeal *pro se*. His motion for new trial was denied. The Eighth Circuit granted first appellate counsel's motion to withdraw and allowed petitioner to proceed *pro se* on direct appeal. Two weeks later, petitioner requested the appointment of appellate counsel, which was granted, with the admonition that if he once more requested to proceed *pro se*, he would not thereafter be allowed to request the appointment of counsel. One month later, petitioner again requested to proceed *pro se* on appeal, which request was granted.

All claims raised on appeal were raised *pro se* by petitioner. The Eighth Circuit, in a *per curium* opinion, concluded that there was sufficient evidence to convict, that this Court did not abuse its discretion by admitting into evidence Facebook communications made by petitioner, testimony about similar incidents of sexual abuse by petitioner, and by admitting expert testimony about the general characteristics and behavior of abuse victims. The Eighth Circuit further rejected petitioner's claims that his rights to a speedy trial, to confront his accuser, and to testify were not violated. Finally, the Eighth Circuit held that this Court did not abuse its discretion by denying the motion for a bill of particulars. United States v. White Mountain, 843 Fed. Appx. 13 (8th Cir. April 5, 2021).

6

Following the issuance of the mandate, petitioner continued to file in the Court of Appeals requests for documents, for *in forma pauperis* status, for discovery, and for the appointment of counsel. All such requests were denied.

Following the Eighth Circuit's mandate, petitioner filed in his criminal case requests for documents and transcripts, for discovery, to unseal the grand jury transcript, and a motion to appoint counsel. All such motions were denied.

The foregoing is set forth to demonstrate this Court's extensive knowledge of the petitioner's case. I have been a federal district judge for over 30 years. Defense counsel has been a criminal defense attorney longer than I have been a federal judge, acting as private counsel appointed under the Criminal Justice Act as well as in the capacity as an Assistant Federal Defender. During that time, trial counsel represented over 1100 defendants in criminal cases in the District of South Dakota. Defense counsel has always demonstrated superior legal knowledge, skill, and zeal on behalf of his clients. He has dedicated his life to safeguarding the Constitutional and statutory rights of criminal defendants.

## DECISION

### I. Matters Raised or Required to be Raised on Direct Appeal.

"It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (*quoting* United States v. Shabazz, 657 F.2d 189, 190 (8th Cir.1981)). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). United States v. Pierre, 912 F.3d 1137, 1143 (8th Cir. 2019). Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012).

> A motion to vacate a judgment as provided by Section 2255, Title 28, U.S.C.A. is a collateral attack upon the judgment of conviction and can only be sustained upon grounds which would warrant the granting of a writ of habeas corpus. Such a motion must challenge the jurisdiction of the court or must charge that the

> defendant has been deprived of due process of law or of other rights guaranteed him by the Constitution of the United States.

Burns v. United States, 229 F.2d 87, 89 (8th Cir. 1956).

> Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus.

Burns v. United States, 229 F.2d at 90 (citing Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949)).

"In the instant case there was an appeal and the judgment was affirmed. That affirmance covered not only the questions actually raised but also the questions that might have been raised." Callanan v. United States, 274 F.2d 601, 605 (8th Cir. 1960), aff'd, 364 U.S. 587, 81 S. Ct. 321, 5 L. Ed. 2d 312 (1961) (citations omitted).

Petitioner raised on direct appeal his claim that I erred in admitting certain Facebook records. The Eighth Circuit held that I did not abuse my discretion by admitting into evidence Facebook communications made by petitioner. United States v. White Mountain, 843 Fed. Appx. At 13. Petitioner cannot challenge the admission of such evidence in a motion to vacate.

Petitioner dedicates a great deal of time arguing that the evidence was not sufficient to convict him. That claim likewise cannot be relitigated in this matter.

Petitioner contends that his constitutional rights were violated by the claimed illegal search and seizure of his private messages. He contends such illegally obtained messages were used to coerce a witness to testify against him. Such claims were required to be raised on direct appeal.

Petitioner contends his right to receive copies of the grand jury transcripts was denied. Fed. R. Crim. P. 6(e) establishes a "general rule of confidentiality for all matters occurring before the grand jury." United States v. McDougal, 559 F.3d 837, 840 (8th Cir. 2009). Petitioner surmises, based upon the time period alleged in the indictment,

8

that the victim did not testify before the grand jury as to any crime occurring outside the time frame alleged. As set forth below, any variance in the time period alleged in the indictment and the date of the offense proved at trial is not a basis for relief under § 2255. Further, the jury's guilty verdicts in this case render harmless any conceivable error in the grand jury's indictment. United States v. Mechanik, 475 U.S. 66, 73, 106 S. Ct. 938, 943, 89 L. Ed. 2d 50 (1986).

Petitioner argues at length that his rights were violated because the indictment charged a three-year time span and that the evidence at trial was that the abuse occurred outside that time period.

> "Where the indictment 'fully and fairly' apprises the defendant of the allegations against which he must defend, prejudice is absent and any variance is harmless error." [United States v. Villarreal, 707 F.3d 942, 962 (8th Cir.2013).] "[T]he use of 'on or about' in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified." United States v. Kenyon, 397 F.3d 1071, 1078 (8th Cir.2005). "And even if the proof at trial does not show that the crime occurred within a reasonable time of the date specified in the indictment, a variance between the date in the pleading and the proof is not fatal if the proof shows that the acts charged were committed within the period of the statute of limitations and prior to the date of the indictment, as long as the date is not a material element of the offense, and the defendant is not prejudiced." Id. (brackets omitted).

United States v. Webster, 797 F.3d 531, 534 (8th Cir. 2015).

Defendant was convicted of aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c). There is no statute of limitations for a violation of § 2241(c) and date is not an element of a crime under that statute. Any variance in the evidence presented at trial from the "on or about" date range in the indictment is not fatal. U.S. v. Webster, 797 F.3d at 534. In any event, any claim that the evidence did not conform to the indictment must be raised on direct appeal. Sufficiency of the evidence was raised on direct appeal and resolved in favor of the verdict. U.S. v. White Mountain, 843 Fed. Appx. At 13.

Petitioner contends that the evidence, including evidence of the forensic interviews of the victim, was fabricated. He contends that the Facebook evidence was misrepresented. He of course was free to testify as to such claims but waived his right to

9

testify. There was no objective evidence admitted which called into question the veracity of the evidence. The jury is always free to judge which evidence to believe and to weigh the evidence in reaching its verdict. Such matters are not reviewable at this stage of the proceedings.

Any other claims not related to ineffective assistance of counsel which petitioner attempted to raise in the petition or supplements are rejected.

## II. Ineffective Assistance of Counsel.

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

Petitioner contends that counsel was ineffective in failing to object to the indictment's allegation that the abuse occurred on or about between a three-year time period. The time period alleged in the indictment was not legally objectionable. United States v. Webster, *supra*. It is not ineffective assistance to refuse to raise legal issues which have no basis in the law.

Petitioner claims counsel was ineffective in failing to move to suppress evidence claiming the abuse occurred outside the time alleged in the indictment. Petitioner has not

set forth any basis for believing he could show that such motions would be successful. He is not entitled to proceed on this claim.

Finally, petitioner contends that he was in jail during part of the time period alleged and could not have committed the offenses while he was in jail. Because the abuse was not required to be found to have been committed on a date certain, evidence that petitioner was in jail during part of the time period alleged does not amount to an alibi. The fact that petitioner was in jail on other unrelated matters during a portion of the time frame alleged was admitted into evidence.

Petitioner contends counsel was ineffective in admitting during opening statement that the offense "could have happened." Defendant misstates defense counsel's opening statement as a whole. Counsel did not concede that petitioner could have or did commit the offenses charged. Defense counsel stated that the allegation was that there was "a three-year timeframe for which it could have happened." In any event, the jury is instructed that opening statements are not evidence and the Court presumes that the jury followed such instruction.

Petitioner contends that counsel was ineffective in failing to move for a continuance. Counsel did attempt to move for a continuance of the trial but petitioner adamantly objected to any continuance. Petitioner repeatedly tried to fire his attorney and would not cooperate with counsel at all. During trial, he requested to represent himself and proceed *pro se* in cross-examination of the complaining witness with counsel as standby. During a hearing outside the presence of the jury, petitioner withdrew his request. Petitioner expressed dissatisfaction with counsel following trial and requested to proceed at sentencing *pro se*, which request was granted. On appeal, he requested to fire two attorneys and then requested the appointment of counsel. He requested to fire his third attorney and the Court of Appeals granted his request to proceed *pro se* and denied any further opportunity to request the assistance of counsel on appeal.

Petitioner's conduct as well as his letters to the Court show his complete disregard for the advice and counsel of his attorney. He interfered with all efforts of counsel to adequately investigate and prepare for trial.

Petitioner contends that counsel failed to investigate potential witnesses or interview government and defense witnesses. The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir. 1994). Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (*quoting* Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2066). In addition to identifying what witnesses should have been interviewed, petitioner is required to produce an affidavit from any witness that he contends should have been interviewed, or to make some other substantial showing as to what the witness would have allegedly said had the witness been interviewed or called to testify. *See* Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989). Petitioner is further required to show that counsel was informed of the existence of any witnesses not called to testify.

Petitioner does not set forth which witnesses counsel failed to investigate and what evidence such witnesses could have provided favorable to petitioner. Counsel did call five witnesses at trial on behalf of petitioner. Counsel sought subpoenas for witnesses on behalf of the defendant and spurred an *in camera* review of extensive records involving the victim in an attempt to find evidence to discredit the victim. Petitioner, by his own refusal to allow for a continuance, interfered with the time available to counsel to more thoroughly investigate and prepare for trial.

Petitioner contends that counsel failed to timely make pretrial, trial, and post-trial motions. Counsel did timely make appropriate pretrial motions, including a motion for a bill of particulars and motions *in limine*. The government noticed newly disclosed evidence close to trial. Defense counsel moved to file late motions, which was allowed. Counsel made the appropriate motion for judgment of acquittal during and at the conclusion of trial. Petitioner does not identify which motions he contends counsel failed to make or how he was prejudiced by the failure to make such motions.

Petitioner contends that counsel failed to object to suppressible evidence. He does not identify any evidence he claims was subject to suppression. The district judge regulates the admission of evidence, not counsel. Counsel certainly objected vigorously and repeatedly to the government's proffer during trial of evidence that was unfavorable to the petitioner.

Petitioner contends that counsel failed to "advocate his health condition." Petitioner fails to set forth facts as to what health condition should have been sought to be admitted and how such condition would negate any element of the offenses.

Defense counsel ably and effectively represented petitioner throughout the district court criminal proceedings. Counsel was afforded limited time to investigate and prepare for trial in this child sexual abuse case because petitioner refused to consent to a continuance. Nonetheless, counsel did conduct appropriate pretrial motion practice. As counsel stated during the pre-trial conference, "we've been pushing incredibly hard to get this prepared for trial."

During trial, defense counsel subjected the complaining witness to extensive cross-examination. Counsel also cross-examined other government witnesses, some of those cross-examinations were lengthy. Counsel's closing argument was nearly equally as long as the government's closing argument. There is no basis for any claim that counsel failed to adequately argue the lack of credible evidence or request not guilty verdicts.

Any claim that counsel failed to adequately object to a jury note is rejected. The Court's responses to jury notes as to reviewing the evidence received at trial are routine. There was no reasonable basis for objecting to the Court's response.

Petitioner set forth *ad nauseum* in his letters and pleadings his claims as to what transpired during tribal and state court child protection proceedings and how the evidence admitted at trial that he sexually abused the victim was fabricated or otherwise not reliable. None of his claims detract from the evidence received at trial from the victim detailing the sexual abuse by the petitioner. Her testimony was tested on cross

examination. Her testimony alone would have been sufficient for the jury to return guilty verdicts.

There is no showing that counsel was deficient in defending the charges against petitioner. Further, plaintiff has not shown prejudice arising out of any alleged errors by counsel. I reject any claim that counsel was ineffective as claimed by petitioner. Even if counsel was ineffective, petitioner cannot show any prejudice. Petitioner has not shown that there is a "reasonable probability that, but for counsel's alleged failure [as set forth *supra*] the result of the proceeding would have been different." Toledo v. United States, 581 F.3d at 680 (8th Cir. 2009).

Petitioner filed a motion to proceed without the prepayment of fees. There is no fee for filing a motion to vacate pursuant to 28 U.S.C. § 2255.

Petitioner filed a motion for the appointment of counsel. The motion could and should be denied based upon petitioner's repeated conduct in seeking to fire his attorneys and proceed *pro se*. In any event, counsel is not required in this case because I find that the motion to vacate, set aside, or correct sentence should be denied on initial review.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 1, to vacate, set aside, or correct sentence is denied.

2. The motion, Doc. 2, to proceed without the prepayment of the filing fee is denied.

3. The motion, Doc. 5, for the appointment of counsel is denied.

4. The Motion, Doc. 16, and for copies of documents is denied.

5. The motion, Doc. 19, for another copy of the transcripts is denied.

6. The motion, Doc. 20, to stay the mandate is denied.

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. The Court has found, after an exhaustive review of the file, that petitioner has not shown

the violation of his Constitutional right to the effective assistance of counsel. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 7th day of February, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge